# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

MICHAEL RAY SIGMON,

        Plaintiff,

v.                            CIVIL ACTION NO. 2:25-cv-00029

JIM JUSTICE, et al.,

        Defendants.

## **PROPOSED FINDINGS & RECOMMENDATION**

This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge by standing order for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3). Before this Court is the *Motion to Dismiss* filed by Defendants Joseph H. Crawford ("Crawford") and Debra Rusnak ("Rusnak"). (ECF No. 9). For the reasons set forth herein, it is respectfully **RECOMMENDED** that this civil action be **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and the motion be **DENIED** as **MOOT**.

## I.    BACKGROUND

On January 17, 2025, Plaintiff Michael Ray Sigmon ("Plaintiff")—who is proceeding pro se—filed his *Complaint* in this matter, along with the statutory filing fee. (ECF No. 1). According to the *Complaint* and a number of documents submitted therewith, Plaintiff alleges that the Pauley family ("the Pauleys"), who are not named in this civil action, stole his inheritance and murdered his mother. (ECF No. 1 at 4; ECF No. 2 at 1, 8). Further, "deputy sheriff HR Shamblin," who Plaintiff "believe[s] is the uncle of

Charles D. Pauley, Jr.," attacked and tasered Plaintiff in his home on an unspecified date. (ECF No. 1 at 4). Plaintiff alleges that he "found blood all over [his] mother's living room floor and asked a dozen Deputy Sheriff[s] to investigate," but "they gave [Plaintiff] nothing but excuses why they would not" and "threaten[ed] to shoot [Plaintiff] if [he] called the police again." *Id.*

Plaintiff named four Defendants: Sheriff Joseph H. Crawford, Prosecutor Debra Rusnak, Joe Manchin, and Jim Justice (collectively, the "Defendants"). In his *Complaint*, Plaintiff asserts the following claims against each of the four named Defendants: (1) violations of the First, Fourth, Fifth, Sixth, and Eighth Amendments of the United States Constitution, (2) "Violation of freedom of speech," (3) "Denying access to Courts," (4) attempted murder, (5) theft, (6) conspiracy, (7) fraud, (8) unlawful detainment, (9) "Police Brutality," (10) "Attempt to influence [his] vote," (11) "Police Harassment," and (12) "Failure to investigate a murder." Id. at 5-10. Additionally, Plaintiff cited generally to twenty provisions of the United States Code, most of which are criminal statutes. (ECF No. 2 at 10-29). Based upon these claims, Plaintiff seeks the following relief:

> I want all the fictitious criminal and civil charges against me dismissed and the record expunged immediately. I want the Kanawha County Sheriff's to finally investigate my mother Mary's murder some 21 years ago. I want the Deputy Sheriff's to stop harassing me because of my beliefs. I want my US Constitutional Rights returned to me asap. I want my full inheritance now and I want all of the ones who conspired to murder my mother and steal my inheritance to be prosecuted to the fullest extent of the law. I want to be able to run for West Virginia senate or congressman i[f] I so choose to and not be murdered by MAGA simply because I am progressive. I want all the Deputy Sheriff's whom are dirty to have their guns and badges taken away and have to face jail just like I did, except for one fact, that I was innocent. I've never done a damn thing and calling my mother's murderer names on social media is protected free speech. I want to be allowed to leave West Virginia and run for Congressman away from this republican stronghold if I so choose to.

*Id.* at 28-29.

On May 6, 2025, Defendants Crawford and Rusnak jointly filed their subject motion to dismiss. (ECF No. 9). In their supporting memorandum of law, Defendants Crawford and Rusnak argue that the Court should dismiss Plaintiff's *Complaint* for three reasons: (1) lack of standing; (2) application of the *Younger*-abstention doctrine; and (3) failure to satisfy the minimum pleading requirements outlined in the Federal Rules of Civil Procedure. (ECF No. 10 at 5).

On May 12, 2025, the undersigned entered an *Order and Notice* advising Plaintiff of his rights and obligations in responding to the motion to dismiss in accordance with *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). (ECF No. 13). The undersigned's *Order and Notice* required Plaintiff to "file any response to Defendants' motion by no later than 4:00 p.m. EST on June 12, 2025." *Id.* at 1. Furthermore, the undersigned's *Order and Notice* specifically notified Plaintiff of his "right to respond to the Defendants' motion by filing a memorandum of law . . . [which] should include a concise statement of his reasons for opposing the Defendants' motion, and a citation of the legal authority Plaintiff is relying upon in support of his opposition to dismissal." Id. at 2. Finally, the undersigned's *Order and Notice* expressly notified Plaintiff "that, in the event he fails to dispute or oppose the Defendants' motion, the undersigned **WILL** likely recommend dismissal for, among other things, failure to prosecute pursuant to Rule 41(b) ofthe Federal Rules of Civil Procedure—or, that judgment be granted to those Defendants, and Plaintiffs' claims against them be dismissed." *Id.* at 3.

Plaintiff did file a response on June 11, 2025. (ECF No. 14). However, the response does not address the arguments set forth in Defendants' motion whatsoever. *See id.* Instead, Plaintiff expresses his frustration and anger against the individuals named in his *Complaint*, as well as against state and federal officials, in a profanity-laced tirade. *See id.*

Rather than responding to the factual and legal basis for Defendants' motion, Plaintiff's response is—as Chief U.S. District Judge Frank W. Volk characterized a similar filing by this Plaintiff in another case before this Court—"rife with inappropriate rhetoric and generally unintelligible . . . challenging to interpret, lack coherence, contain excessive profanity, and include heightened political and personal commentary." *See Sigmon v. Musk*, 2:23-cv-00757, ECF No. 13 at 2-3 (S.D. W. Va. Apr. 3, 2025). Plaintiff concludes his response by expressly refusing to explain his basis for opposing the motion, stating that "[t]he reason I am angry and using profanity including against the Trump administration is obvious and I'm not going to explain it again like everyone is a fucking idiot." (ECF No. 14 at 8).

On June 18, 2025, Defendants Crawford and Rusnak filed a reply in support of their motion. (ECF No. 15). Therein, the Defendants point out that, "[a]lthough Plaintiff briefly reiterated some of the allegations contained in his complaint, most of his [response brief] focuses on matters wholly irrelevant to the instant action . . . [and] did not address the arguments in support of dismissal set forth in Sheriff Crawford and Prosecutor Rusnak's motion to dismiss." *Id.* at 2.

That same day, the undersigned entered an *Order to Show Cause* requiring Plaintiff to show cause in writing why this matter should not be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (ECF No. 16). The *Order to Show Cause* expressly notified Plaintiff as follows:

> [T]he Court will not tolerate any further redundant, immaterial, impertinent, or scandalous argument, and failure to address the factual and legal bases for his claims in accordance with the Court's directive herein WILL result in the undersigned's recommendation that this civil action be dismissed[.]

*Id.* at 2.

On July 2, 2025, Plaintiff filed a response to the *Show Cause Order*. (ECF No. 17). Once again, however, Plaintiff largely sets forth the same inappropriate, irrelevant, and expletive-laced commentary that the Court previously warned would result in dismissal. *See id.* Plaintiff does assert that "[y]ou ask me to provide you with proof and evidence of my claim," and argues that "[y]ou are the ones with no proof or evidence and that is your job, not mine." *Id.* at 2. However, Defendants' motion to dismiss does not seek dismissal based upon lack of proof or evidence; as set forth *supra*, Defendants argue that dismissal is proper based upon (1) lack of standing; (2) application of the *Younger*-abstention doctrine; and (3) failure to satisfy the minimum pleading requirements outlined in the Federal Rules of Civil Procedure. Plaintiff does argue that "your defense of Younger abstention is moot or like I like to say BS" in light of the conclusion of criminal proceedings in state court. *Id.* at 22. However, he does not respond to the remaining two bases for dismissal raised by the Defendants; in fact, he expressly refuses to do so. Specifically, Plaintiff points to the statement in the *Show Cause Order* noting his failure to address the Defendants' arguments, and explains that "I am not going to look up any case law. I'm not a lawyer and I don't give a hoot about any case law you look up . . . . Give me my damn money and investigate my mother's murder and the hell with your case law." (ECF No. 17 at 8-9). Plaintiff asserts that "[y]our Circuit Court Senior Judge has no US Constitutional Right to deny me access to the Courts and guess what. I'm not going to look up any code or case law, unless you start paying me." *Id.* at 11.

## II. DISCUSSION

Dismissal of this civil action with prejudice is proper because Plaintiff failed to respond to the Defendants' arguments in support of their motion to dismiss despite being expressly instructed to do so by the Court. The Federal Rules of Civil Procedure authorize

5

dismissal of an action when "the plaintiff fails to prosecute or to comply with the[ ] rules or a court order[.]" Fed. R. Civ. P. 41(b). It is well-established that "a district court has the inherent power to dismiss a case for lack of prosecution or violation of a court order . . . whether or not a defendant makes a motion requesting that such action be taken." *Ramsey v. Rubenstein*, 2:14-cv-03434, 2016 WL 5109162, at *2 (S.D. W. Va. Sept. 19, 2016) (citations omitted). "[B]uild[ing] upon a federal court's well-established inherent authority, of ancient origin, to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts," the dismissal authority conferred by Rule 41(b) "recognizes the foundational principle that courts must have the authority to control litigation before them," and to protect the orderly administration of the docket. *Id.*

In considering whether to dismiss an action *sua sponte* for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, the Court must look to the following four factors: (1) plaintiffs' degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Ramsey*, 2016 WL 5109162, at *2 (citing *Hillig v. Comm'r of Internal Revenue*, 916 F.2d 171, 174 (4th Cir. 1990)) [hereinafter the "*Hillig* factors"]. The *Hillig* factors "are not meant to be applied as a rigid, formulaic test, but rather serve to assist the Court, along with the particular circumstances of each case, in determining whether or not dismissal is appropriate." *Ramsey*, 2016 WL 5109162, at *2 (citing *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1991)). Although dismissal with prejudice is a harsh sanction which should not be invoked lightly, the ultimate dismissal decision is left to the discretion of the trial court. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978);

*Timmons v. United States*, 194 F.2d 357, 359 (4th Cir. 1952). Importantly, the Fourth Circuit explained that "the district court should dismiss the case" when a plaintiff "has ignored an express warning that noncompliance with a court order will result in dismissal." *Douglas v. Heater*, 2:20-cv-00856, 2021 WL 784806, at *2 (S.D.W. Va. Mar. 1, 2021) (citing *Bey ex rel. Graves v. Virginia*, 546 Fed. App'x 228, 229 (4th Cir. 2013) (per curiam) [hereinafter *Graves*]).

Based upon the particular circumstances of this case, the undersigned **FINDS** that the four *Hillig* factors, on balance, strongly support dismissal with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The first factor—the degree of personal responsibility—weighs in favor of dismissal. The lack of forward progress in this matter is attributable solely to the Plaintiff's own conduct. Plaintiff was fully aware of his obligation to respond to the arguments set forth in Defendants' motion, but Plaintiff expressly refused to do so. Plaintiff's failure to comply renders him personally responsible for the lack of forward progress in this matter.

The second *Hillig* factor—the amount of prejudice caused to the Defendants—weighs slightly in favor of Defendants, as they have had to expend resources in preparing a motion to dismiss and responding to Plaintiffs' frivolous filings.

The third factor—a drawn-out history of deliberately proceeding in a dilatory fashion—does favor dismissal, for the same reasons set forth supra with respect to the first *Hillig* factor.

The fourth and final *Hillig* factor—the effectiveness of sanctions less drastic than dismissal—also weighs in favor of dismissal, because Plaintiff has chosen already to ignore the express warning in the undersigned's May 12, 2025 *Order and Notice* "that, in the event he fails to dispute or oppose the Defendants' motion, the undersigned **WILL** likely

recommend dismissal for, among other things, failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure—or, that judgment be granted to those Defendants, and Plaintiffs' claims against them be dismissed." (ECF No. 13 at 3). Consequently, just as the Fourth Circuit found in *Graves*, cited *supra*, this civil action should likewise be dismissed because Plaintiff "ignored an express warning that noncompliance with a court order will result in dismissal." *Graves*, 546 Fed. App'x at 229. *See also Douglas*, 2021 WL 784806, at *2 ("Where a litigant has ignored an express warning that noncompliance with a court order will result in dismissal, the district court should dismiss the case."). Furthermore, the fourth *Hillig* factor particularly weighs in favor of dismissal because Plaintiff has not attempted to rectify or otherwise explain the noncompliance but instead has doubled down in his response to the *Show Cause Order*, expressly refusing to engage in a discussion of the legal and factual basis for Defendants' motion. The undersigned **FINDS** that the record indicates Plaintiff has ignored an express warning that his noncompliance would result in dismissal.

Finally, Plaintiff's pro-se status in this matter does not exempt him from the obligation to comply with the directives of the Court, or with the resultant consequences for failure to meet that obligation. *See Short v. Colvin*, 5:10-cv-01078, 2013 WL 6388724, at *2 (S.D. W. Va. Dec. 6, 2013) (explaining propriety of dismissal despite plaintiff's pro-se status). In addition to the express notice afforded to Plaintiff in this matter that failure to comply with the undersigned's orders would result in the recommendation of dismissal, the Court's operative Pro Se Handbook—which is publicly available on the Court's website—also explains to pro-se litigants that "[i]f you decide to proceed pro se, you will be responsible for learning about and following all the procedures that govern the court process . . . [and] for becoming familiar with and following the Court's local rules

8

and procedures." *Id.* at §§ 2.3, 4. The Handbook also expressly notifies pro-se parties that "[t]he Court may penalize a party or attorney for failing to comply with a law, rule or order at any point while a lawsuit is pending . . . and pro se litigants are subject to the same sanctions as licensed attorneys." *Id.* Absent any indication in the record that Plaintiff is "any . . . less legally sophisticated than any other non-lawyer," his pro-se status does not afford him a "free pass" to ignore Court orders. *Givens v. Criswell*, 5:08-cv-25, 2010 WL 10862445, at *2 (N.D. W. Va. June 24, 2010). Accordingly, based upon the foregoing, the undersigned respectfully **RECOMMENDS** that this matter be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

### III. RECOMMENDATION

For the foregoing reasons, it is respectfully **RECOMMENDED** that this civil action be **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and the *Motion to Dismiss* filed by Defendants Crawford and Rusnak (ECF No. 9) be **DENIED** as **MOOT**.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection; further, pursuant to Rule 6(d), any unrepresented party shall have an additional three (3) days after this fourteen-day period if service is made via U.S. Mail. Extension of this time period may be granted by the presiding District Judge for good

cause shown. A copy of any objections shall be provided to Judge Goodwin, and to each opposing party—except that, if any opposing party is represented by counsel, that party's copy should be provided to his or her counsel.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Fourth Circuit Court of Appeals. 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation, and to transmit a copy to counsel of record and any unrepresented party.

ENTERED: July 8, 2025

Dwane L. Tinsley
United States Magistrate Judge