IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MICHAEL RAY SIGMON,

                Plaintiff,

v.                                                CIVIL ACTION NO.   2:25-cv-00029

JIIM JUSTICE, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

This action was referred to the Honorable Dwane L. Tinsley for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636. On July 8, 2025, Judge Tinsley submitted his Proposed Findings & Recommendation, [ECF No. 18] (PF&R), recommending that the court **DISMISS** the action pursuant to Federal Rule of Civil Procedure 41(b) and **DENY** Defendant's pending motion, [ECF No. 9], **as moot**.

Pro se Plaintiff Michael Ray Sigmon timely "answered" the PF&R, [ECF No. 19], which will be construed as his objections. Defendants Debra Rusnak and Joseph H. Crawford responded to the Plaintiff, [ECF No. 20]. The matter is ripe for review.

A district court "shall make a de novo determination of those *portions* of the report or *specified* proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C) (emphasis added); *see* Fed. R. Civ. P. 72(b)(3). Failure to file *specific* objections pursuant to 28 U.S.C. § 636(b)(1)(C) . . . may be construed by any reviewing court as a waiver of such objection." *Veney v. Astrue*, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008); *see United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient

specificity so as reasonably to alert the district court of the true ground for the objection."). General objections do not meet the requirements set forth in 28 U.S.C. § 636(b)(1)(C) or Rule 72(b), and, therefore, constitute a waiver of de novo review. *See Howard's Yellow Cabs, Inc. v. United States*, 987 F. Supp. 469, 474 (W.D. N.C. 1997).

Here, Plaintiff's objections fail to achieve the level of specificity that triggers de novo review. At best, Plaintiff's objections are general objections, the kind that do not object to specific parts of the Magistrate Judge's recommendation. These general objections are sufficient to find that Plaintiff has waived any objection to the PF&R.

But at worst, Plaintiff's objections are a stream of consciousness ranging from personal grievances to political commentary to conspiracy theories. His objections are entirely unresponsive to the PF&R, rather Plaintiff responds to the Magistrate Judge (while simultaneously addressing at least one other judge in the district) with unsupported character attacks. In more than 30 pages, Plaintiff uses inflammatory and often unintelligible rhetoric that merely repeats baseless allegations from his complaint. These, however, do not address the PF&R, nor do they provide any more support for Plaintiff's original claims.

Therefore, the court **FINDS** that a de novo review of the PF&R is not required. The court accepts and incorporates herein the PF&R and orders judgment consistent therewith. The court **DISMISSES** the action pursuant to Federal Rule of Civil Procedure 41(b); **DENIES** Defendant's pending motion, [ECF No. 9], **as moot;** and **DIRECTS** that this action be removed from the docket.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER:   October 8, 2025

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

2